UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-109 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| ) | |
| NURSE PARKER et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Terry Johnson brings this claim against Nurse Eboni Parker, Nurse Wade, Nurse Beecher, Correctional Officer Maurice Gee, Tarry Williams, and Nurse Amy Rue alleging deliberate indifference to his medical needs in violation of 42 U.S.C. § 1983. Currently before the Court is Nurse Parker's [147] and Nurse Rue's [150] motions for summary judgment. For the reasons explained below, the Court grants the motions of both nurses.

**Background**

The following facts are undisputed unless otherwise noted. Terry Johnson is an inmate in the Illinois Department of Corrections and was housed at Stateville Correctional Center from May 2014 until March 2015. Nurse Parker and Nurse Rue ("defendants") worked as nurses at Stateville and were responsible for administering medication to inmates in their cells. During his initial intake evaluation, Johnson informed Nurse Athena Smith that he had asthma. Generally, unless there was a medical emergency, an inmate must complete an "Offender Request Slip" in order to see a physician. A correctional officer would pick up the Offender Request Slips weekly when they retrieved the inmates' mail.

1

Johnson alleges to have suffered five asthma attacks from May 2014 through December 2014. During times when Nurse Parker or Nurse Rue would administer medication to Johnson's cellmate, Johnson informed the defendants that he was having asthma attacks and needed an inhaler. Without an inhaler, Johnson would raise his hands above his head to help with the asthma attacks. Johnson alleges that when he informed the defendants of his medical need, they told him to fill out an Offender Request Slip, but also wrote Johnson's name down and told him they would put his information on a list to see a physician. Johnson alleges that he completed 12 separate Offender Request Slips. Johnson was transferred to another facility in March 2015 where he was given an inhaler. On January 5, 2015, Johnson filed a complaint alleging deliberate indifference to his serious medical needs alleging that the defendants denied him an inhaler.

**Legal Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *see also* Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating that there is no genuine issue of material fact, and if done, judgment as a matter of law should be granted in its favor. *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 988 (7th Cir. 2006). All evidence and inferences must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

**Discussion**

The "unnecessary and wanton infliction of pain" as proscribed by the Eighth Amendment protects prisoners against the deliberate indifference to their serious medical needs. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251

(1976)). To establish a section 1983 claim for deliberate indifference, a plaintiff must demonstrate: (1) an objectively serious medical condition and (2) that an official was deliberately, subjectively, indifferent to that condition. *Id.* (citing *Duckworth v Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). Negligence or even gross negligence on the part of an official does not constitute deliberate indifference. *See Borello v. Allison*, 446 F.3d 742, 749 (7th Cir. 2006). Rather, a plaintiff must demonstrate that the defendant acted with intent equivalent to criminal recklessness. *Id.* at 747.

A deliberate indifference claim can be supported by a delay in medical care for a serious medical condition. *See Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (internal citation omitted). However, to survive summary judgment, the plaintiff must put forth "verifying medical evidence" that shows the delay in medical care had a detrimental effect. *Id.* (internal citation omitted).

*Deliberate Indifference*

The Court notes, and the parties do not dispute, that asthma can constitute an objectively serious medical condition "depending on the severity of the attacks." *See Daniels v. Harper*, 640 Fed.Appx. 519, 521 (7th Cir. 2016) (internal citation omitted). What defendants argue, however, is that Johnson fails to put forth evidence that either Nurse Parker or Nurse Rue "actually knew" that Johnson needed medical treatment for a serious medical need and deliberately withheld it.

The evidence of deliberate indifference Johnson posits essentially comes in three forms. First, Johnson points to his testimony stating that he told all the nurses that would administer medicine to his cellmate, including Nurse Parker and Nurse Rue, that he suffered from asthma attacks and needed an inhaler. Second, Johnson argues that he completed 12 Offender Request Slips between May 2014 and August 2015 about his need for an inhaler. Third, Johnson points to Officer Maurice Gee, who testified that Johnson informed him that he had asthma and needed an inhaler, thus making medical needs generally known. Dkt. 151-13 at 31-32.

Even after construing the evidence in a light most favorable to Johnson, the Court finds that there are no material facts at issue as to whether Nurse Rue or Nurse Parker showed deliberate indifference to Johnson's serious medical need. Johnson does not allege that Nurse Parker nor Nurse Rue ever treated or examined him. Further, it is undisputed that neither Nurse Parker nor Nurse Rue ever witnessed Johnson having an asthma attack. Johnson is correct in arguing that each state actor must reasonably respond to his medical complaint. However, neither Nurse Rue nor Nurse Parker ever examined Johnson. Without examining Johnson or ever witnessing him have an asthma attack, there is simply no evidentiary support that Nurse Rue or Nurse Parker knew that Johnson had a serious medical condition that needed immediate attention and deliberately ignored it. *See Daniels*, 640 Fed.Appx. at 521 (finding that plaintiff failed to put forth evidence that suggested the nurse-defendant "disregarded symptoms from which she could infer that he was having a severe attack).

Johnson completing 12 Offender Request Slips, moreover, does not demonstrate deliberate indifference by the defendants. While Johnson asserts that inmates sometimes seek medical assistance from nurses administering medication, he concedes that the general procedure for seeking non-emergency medical assistance was filling out the Offender Request Slips. In his Rule 56.1 Statement of Additional Facts, Johnson asserts that the Offender Request Slips were picked up by the correctional officers. Dkt. 163 at 29. As such, the culpability for not responding to the Offender Request Slips, if any, could not fall on Nurse Parker or Nurse Rue because they were not responsible for seeing that the slips were responded to. *See Childress v. Walker*, 787 F.3d 433, 439-40 (7th Cir. 2015) (stating that defendant is liable under section 1983 when they are personally responsible for the constitutional deprivation) (internal citation omitted).

As mentioned previously, Johnson points to Officer Gee, who testified that Johnson informed him that he had asthma and needed an inhaler. However, Officer Gee also testified that he

4

did not witness Johnson having an asthma attack or any other kind of emergency. Dkt. 151-13 at 67-70.

The defendants dispute Johnson's assertion that Nurse Rue or Nurse Parker ever wrote Johnson's name down and told him his name would be passed along to the health care unit and that he would receive his inhaler. But construing the record in Johnson's favor, and accepting his recitation of the facts as true, the Nurses' failure to follow up with Johnson where they never examined him and did not witness any emergency symptoms does not amount to deliberate indifference. Again, even gross negligence does not constitute deliberate indifference. *See Borello*, 446 F.3d at 749.

Based on their review of the medical records, both Nurse Parker and Nurse Rue testified that Johnson saw a doctor on June 7, 2014. Both nurses testified, that medication was not proscribed after a physician examined Johnson. Dkt. 151-3 at 19. Johnson denies that the June 7, 2014 medical examination ever happened. However, "medical records cannot be disputed in the absence of any contrary evidence." *Johnson v. Hart*, No. 10-C-0240, 2011 WL 5509546 at * 2 (N.D. Ill. Nov. 8, 2011) (collecting cases). Johnson provides no such evidence. But even accepting Johnson's denial of the exam as true, he has not demonstrated that the nurses were deliberately indifferent to his medical needs. To be clear, the Court recognizes asthma as a serious medical condition. Nevertheless, in consideration of the nurses' duties coupled with the high burden Johnson must meet to show deliberate indifference, the Court finds that Johnson has failed to demonstrate a material fact at issue regarding this claim.

*Detrimental Delay*

Even if Johnson demonstrated deliberate indifference, he still must establish that the delay in receiving his inhaler caused detrimental effect. *See Grieveson*, 538 F.3d at 779. The defendants put forth expert testimony from Vida Vizgirda, R.N., Ph.D., J.D., who opined that Johnson's health

5

concerns were not worsened because of the delay in treatment. Dkt. 148-6 at 22. Although Johnson disputes this testimony, he does not provide any evidence that refutes this claim. Accordingly, there are no material facts at issue and the defendants are entitled to judgment as a matter of law. Finally, because Johnson has not shown a deliberate indifference to his medical need, the Court will not address the defendants' argument about Johnson failing to exhaust his administrative remedies.

**Conclusion**

For the reasons explained above Nurse Parker's [147] and Nurse Rue's [150] motions for summary judgment is granted. As to Nurse Rue and Nurse Parker, Johnson's complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 7/15/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge